**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ZHONGGUO LI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv31 |
| v. | § | |
| | § | |
| GERARD HEINAUER, et al., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court is Defendants' Motion to Dismiss (Dkt. 10). Having reviewed the motion, response, and applicable authorities, the Court finds that it should be GRANTED.

**BACKGROUND**

Plaintiff Zhongguo Li is a native and citizen of the People's Republic of China who applied more than five years ago to adjust his status to that of a lawful permanent resident. One action that must be completed prior to final adjudication by the United States Citizenship and Immigration Service ("USCIS") with any application for permanent residence is a name check by the FBI. According to Plaintiff's Complaint, his name check has not been completed, and USCIS has failed adjudicate his application in a reasonable time.

Plaintiff now seeks an order compelling the FBI to complete the necessary background check and compelling the USCIS to adjudicate his pending application for permanent residence. *See* Dkt. 1 at 2. Plaintiff alleges that he is entitled to a writ of mandamus to compel USCIS to adjudicate his application pursuant to the Court's mandamus powers under 28 U.S.C. § 1361. Additionally, citing

1

5 U.S.C. §§ 702 and 706, Plaintiff alleges that Defendants have violated the Administrative Procedures Act (APA) by failing to timely process and complete his Application for Adjustment of Status. Plaintiff further alleges that the federal question statute, 28 U.S.C. § 1331, provides an independent basis for jurisdiction, as well as the Declaratory Judgment Act, 28 U.S.C. § 2201.

Defendants claim that Plaintiff's application for permanent residence cannot be adjudicated until the FBI name check is completed. Defendants further offer affidavit testimony stating that out of approximately 185,000 pending employment-based, refugee-based, and asylum-based applications for adjustment of status and naturalization applications, the Nebraska Service Center (one of five such centers nationwide and apparently the service center processing Plaintiff's application) has over 40,000 applicants, including Plaintiff, awaiting completion of their name checks. *See* Dkt. 10 at Ex.1. Defendants now move to dismiss this case pursuant to Rule 12(b)(1) based on lack of jurisdiction, arguing that the adjudication of Plaintiff's application is purely a discretionary matter in which this Court cannot intervene.

### STANDARD

Defendants have argued that the Court does not have subject matter jurisdiction over Plaintiff's claims and that they should, therefore, be dismissed. *See* FED. R. CIV. P. 12(b)(1). Federal district courts are of limited jurisdictions and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402

F.3d 489, 494 (5th Cir. 2005) (citations omitted). When considering whether subject matter jurisdiction exists, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* It is Plaintiff's burden to prove subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675.

## ANALYSIS

In their motion to dismiss, Defendants argue that this Court has no jurisdiction over Plaintiff's complaints regarding the completion of his name check and the adjudication of his application. In response, Plaintiff argues that this Court may exercise jurisdiction in this case under the Mandamus Act, 28 U.S.C. § 1361, and/or the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, *et seq.*[1] As noted above, it is Plaintiff's burden to prove jurisdiction, so the Court will look to the statutes relied upon by Plaintiff to determine whether any of those confer jurisdiction.

The Mandamus Act vests courts with original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is generally viewed as "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S. Ct. 2119, 2123, 48 L. Ed.2d 725 (1976). Accordingly, a plaintiff seeking mandamus relief must establish that: (1) he has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and (3) no other adequate remedy is available. *Davis*

---

[1] Plaintiff's Complaint also references the Declaratory Judgment Act. Because the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, is a procedural statute and not a jurisdictional one, it does not provide an independent basis for federal court review. *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 262, 270 (5th Cir. 2001). Therefore, the Court focuses on the Mandamus Act and APA to determine whether Plaintiff has established jurisdiction.

*v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt.").

The Administrative Procedures Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. While the statute expressly defines "agency action" to include the "failure to act," *see* 5 U.S.C. § 551(13), the APA does not apply to the extent that "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Much like mandamus relief, relief under the APA is considered an extraordinary measure. *See, e.g., Chromcraft Corp. v. E.E.O.C.,* 465 F.2d 745, 747 (5th Cir. 1972). And, while the APA does not provide an independent grounds for subject matter jurisdiction, it can when coupled with 28 U.S.C. § 1331. *See Stockman v. Federal Election Com'n,* 138 F.3d 144, 152, n.13 (5th Cir. 1998).

Therefore, both the Mandamus Act and APA consider the compelling of agency action to be an extraordinary remedy and make such relief appropriate – such that federal jurisdiction lies– only when the *plaintiff* can establish "a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). The Court finds that Plaintiff has not made such a showing here.

The specific delay at issue in this case concerns the completion of Plaintiff's name check by the FBI, which is a prerequisite to an adjudication of his application for adjustment. As noted above, Plaintiff submitted his application for adjustment more than five years ago. According to an affidavit

from F. Gerard Heinauer, Director of the USCIS Service Center in Nebraska, "Plaintiff's application for adjustment of status is ready to be adjudicated except for his pending background and security checks." *See* Dkt. 10-2 at ¶ 7. Heinauer also states that processing of such background checks has been delayed because of the high volume of such requests received annually by the FBI and national security concerns. *Id.* at ¶¶ 10-11, 15 & 18.

Here, Plaintiff cannot show that judicial review is available under the Mandamus Act because he does not establish a clear right to relief. Although Plaintiff's frustration with the delay in processing his application is understandable, it is undisputed that the name check is required in order for his application to be adjudicated. It is important to note that this is not a case in which an applicant's application has languished because of some refusal by FBI or USCIS officials to conduct the requisite name check inquiry. The evidence presented by Defendants shows that Plaintiff's name check is pending along with a high volume of other requests and will be completed, subject to priorities that are dependent on workload and national security needs. *Cf. In re Amer. Feder. of Gov. Employees, AFL-CIO*, 790 F.2d 116, 117 (D.C. Cir. 1986) ("When an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the class of beneficiaries Congress intended to protect, judicial review ... is in order."). The affidavits submitted by Defendants – which were not controverted in any way by Plaintiff – simply do not indicate that the delay is a result of any inefficiency or other fault on the part of Defendants. It is Plaintiff's burden to show that the Court has jurisdiction, and he has not shown a clear right to relief here.

Moreover, the relief Plaintiff seeks is inappropriate because a writ of mandamus is clearly "not available to review discretionary acts of officials." *Giddings v. Chandler*, 979 F.2d 1104, 1108

5

(5th Cir. 1992) (citations omitted). Similarly, the APA expressly exempts from its provisions any agency action where such "action is committed to agency discretion by law." 5 U.S.C. §701(a)(2).

The adjustment of status to lawful resident alien is governed by 8 U.S.C. § 1255 which is part of the Immigration and Nationality Act, 8 U.S.C §1101, *et seq*. *See Ayanbadejo v. Chertoff*, 462 F. Supp. 2d. 736, 741 (S.D. Tex. 2006). And, "the statute plainly provides that adjustments of status under § 1255 are discretionary." *Id.* According to 8 USC § 1255(a):

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a) (emphasis added).

Therefore, the plain words of the statute indicate that such an adjustment or determination is within the discretion of the Attorney General. *Id.*

Further, the Immigration and Nationality Act speaks directly to this Court's jurisdiction to intervene in any decisions made pursuant to 8 U.S.C. § 1255, the provision governing applications for status adjustments. According to 8 U.S.C. §1252(a)(2)(B), "<u>no court shall have jurisdiction</u> to review (i) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or <u>1255</u> of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. §1252(a)(2)(B). Because the Attorney

General's discretion is specified in Section 1255, Section 1252 dictates that this Court has no jurisdiction to intervene in Plaintiff's application process.

For this reason, the Court is not persuaded by Plaintiff's reliance on *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), to argue that 8 U.S.C. § 1252(a)(2)(B) does not preclude this Court's review of Defendants' discretionary decisions relating to adjustment applications. In fact, in that case, the Fifth Circuit specifically noted that Section 1252(a)(2)(b)(ii) strips courts of authority to review decisions if those decisions are designated as discretionary under that subchapter. *Id.* at 303 ("§ 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority specified in the statute."). Again, the adjustment of an alien's status is expressly within the discretion of the Attorney General *under the statute*, *see* 8 U.S.C. § 1255, making any judicial review here inappropriate under the Fifth Circuit's reasoning. *Id.; see also Hadwani v. Gonzales,* 445 F.3d 798, 800 (5th Cir. 2006) (citing *Zheng Zheng v. Gonzales,* 422 F.3d 98, 111 (3d Cir. 2005) ("Section 1252(a)(2)(B)(i) plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases.").

Therefore, because agency actions relating to adjustment of status are – by statute – discretionary, the Court finds that the pace at which Plaintiff's application is processed is not subject to judicial review under the federal mandamus statute or the Administrative Procedure Act. *See Grinberg v. Swacina*, 478 F.Supp.2d 1350, 1355-56 (S.D. Fla. 2007); *Safadi v. Howard,* 466 F.Supp.2d 696, 701 (E.D. Va. 2006); *Yan v. Mueller,* 2007 WL 1521732 (S.D. Tex. 2007); *see also Mustafa v. Pasquerell,* 2006 WL 488399, *5 (W.D. Tex. 2006) (dismissing a complaint about delayed FBI name checks for lack of subject matter jurisdiction under the federal mandamus statute

or the Administrative Procedure Act); *Zheng v. Reno*, 166 F. Supp. 2d 875, 80-81 (S.D.N.Y. 2001) ("Matters within the INS's discretion are not reviewable under the mandamus statute. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process.").

Indeed, Congress has clearly provided that certain matters are not subject to Section 1361's mandamus powers of judicial review. Specifically, 8 U.S.C. § 1252(a)(2)(B) states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title... no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.[2]  8 U.S.C. §1252(a)(2)(B).

By citing to the mandamus status specifically, Congress has made clear, in Section 1252(a)(2)(B) that this Court should not become involved in Plaintiff's complaints regarding the statutorily-defined discretionary acts of Defendants.

The Court notes that several opinions out of the Northern District of Texas have found that the completion of an FBI background check is not a discretionary matter but should be treated as ministerial or administrative. In conferring jurisdiction, one such court noted that, "[a]lthough immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time." *Alkenani v. Barrows*, 336 F. Supp. 2d 652, 656 (N.D. Tex. 2005); *see also Dawoud v. Department of Homeland Sec.*, 2007 WL 4547863, at *6, fn 3 (N.D. Tex.

---

[2]Section 1158(a) involves asylum determinations and is not applicable here.

2007) ("[T]he manner in which Defendant USCIS conducts the required investigation into an applicant's moral character imposes a mandatory duty on Defendant FBI to conduct the background investigation."); *Elmalky v. Upchurch,* 2007 WL 944330, at *3 (N.D. Tex. 2007). However, absent clear guidance from the Supreme Court or the Fifth Circuit, this Court declines to disregard the broad language of 8 U.S.C. §§ 1252 and 1225 by isolating some phases of the adjustment application process so that they may be characterized as something other than discretionary, which the adjudication of Plaintiff's application, as a whole, clearly is. *See* 8 U.S.C. § 1255.

Further, the Court questions whether it could even make such a distinction in this case, because according to Plaintiff, he "does not ask the Court to order Defendants to expedite Plaintiff's name check," but "simply seeks an order compelling Defendants to adjudicate his Residency Application." Dkt. 11 at 9. Thus, even as Plaintiff frames his complaint, the relief he seeks relates to a discretionary act. The Court agrees with Defendants that the adjustment of status to lawful resident alien – as Plaintiff is requesting here – is governed by 8 U.S.C. §1255 and that statute indicates, on its face, that such a decision is discretionary.

"[J]udicial deference to the Executive Branch is especially appropriate in the immigration context." *INS v. Aguirrre-Aguirre*, 526 U.S. 415, 425, 119 S. Ct. 1429, 1145, 143L.Ed. 2d 590 (1999). Therefore, the Court declines to find it has jurisdiction to exercise its mandamus or other extraordinary powers to compel agency action at this time.

## Recommendation

Based on the foregoing, the Court recommends that Defendants' Motion to Dismiss (Dkt. 10) be GRANTED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of March, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE